# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BRIAN FARRELL,

       Plaintiff,

v.                                  Case No:   6:14-cv-605-Orl-37TBS

UNITED RECOVERY SYSTEMS, LP,

       Defendant

## ORDER

This case is before the Court *sua sponte*. Review of the instant case discloses that Plaintiff Brian Farrell ("Plaintiff") is proceeding *pro se* in this matter. Because Plaintiff is proceeding *pro se*, the Court will take the opportunity to inform him of some, but not all, of the procedural rules with which he must comply. The Court reminds Plaintiff of these obligations because *pro se* litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure ("Rule(s)"), and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)").[1] Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the

---

[1] The parties are hereby reminded that all filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. The Local Rules are available for review on the Court's website at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading, see Fed. R. Civ. P. 7(a), or a motion, see Fed. R. Civ. P. 7(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. In addition, all documents filed with the Court by Plaintiff must include a caption (the same as is set forth on Plaintiff's Complaint); a brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiff must bear an original signature of Plaintiff, or they will be rejected by the Court. Among other things, the signature serves as the party's certification, pursuant to Rule 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motions, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service. The Certificate of Service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion. <u>See</u> Fed. R. Civ. P. 7(b). If Plaintiff seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, he must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Rules and the Local Rules. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. <u>See</u> Local Rule 3.01(a). However, the motion and memorandum cannot exceed twenty-five (25) pages in length. <u>See</u> <u>id.</u>

Further, Plaintiff is advised that prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue. Plaintiff must include a certification in the motion that he has complied with this requirement and shall also notify the Court whether the parties agree on the relief requested. The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. Failure to comply with these requirements or any other rule may result in the denial of the motion.

Plaintiff is also cautioned that he must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within fourteen (14) days after being served with that motion by opposing counsel. Plaintiff must timely respond to the motions filed by other parties in this case, for if she does not timely respond to such a motion, the Court may assume that she does not oppose that motion and the relief requested therein. If Plaintiff has missed a filing deadline, Plaintiff must file a motion seeking leave of Court to file the document out of time.

Lastly, Plaintiff is reminded that, although he is now proceeding *pro se*, he is not relieved of all of the obligations that rest upon an attorney. There are still many requirements with which he must comply, including those imposed by the Rules and the Local Rules. Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences.   For example, failure to respond to discovery requests as described in the rules may result in sanctions.   See Fed.R.Civ.P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case.   Plaintiff is referred to the Court's website at http://www.flmd.uscourts.gov.   There is a section titled Proceeding Without a Lawyer with additional helpful information.   Accordingly, it is hereby

**ORDERED** that Plaintiff Brian Farrell shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Middle District of Florida, and any applicable statutes and regulations.

**DONE AND ORDERED** at Orlando, Florida on this 23rd day of April, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:        Counsel of Record
               *Pro Se* Party